UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
| MEDIVISUALS, INC., | : | Civil Action No. |
| Plaintiff, | : | |
| - against - | : | COMPLAINT |
| STEVEN STRUHL, | : | |
| Defendant. | : | |
------------------------------------------------------x

Plaintiff, Medivisuals, Inc., by its undersigned attorneys, as and for its complaint against the defendant Steven Struhl, alleges as follows:

### The Parties

1. Plaintiff Medivisuals, Inc. is a corporation organized and existing under the laws of the State of Delaware and maintains its principal office in the City of Richmond, County of Henrico, State of Virginia.

2. On information and belief, defendant Steven Struhl is a citizen of State of New York and resides in the City, County, and State of New York.

### Jurisdiction and Venue

3. Jurisdiction is based on 28 U.S.C. §1331. Plaintiff's claims arise under the Copyright Act, 17 U.S.C. §101 et seq. and jurisdiction is also based on 28 U.S.C. §§1337 and 1338. The amount in controversy exceeds $75,000, exclusive of interest and costs, and this action is between citizens of different states, and jurisdiction is also based on 28 U.S.C.§1332 and 1367. Defendant is subject to personal jurisdiction in the Southern District of New York and

1

a substantial part of the events giving rise to the claims occurred in the Southern District of New York, and venue is appropriate in the Southern District of New York under 28 U.S.C. §1391.

### The Underlying Facts

3. Plaintiff is engaged in the business of providing medical illustrations and animations, 3-dimensional precision diagnostics, interactive presentations, trial presentations, CLE presentations, models, and similar products and services to legal and medical professionals, textbook and journal publishers, and the medical device and pharmaceutical industry.

4. On information and belief, Defendant is an orthopedic surgeon who practices in New York from offices in Manhattan and Westchester County and is on the faculty of New York University Medical School. Defendant specializes in shoulder and knee related injuries.

5. On information and belief, Defendant maintains and operates web sites, including www.shouldersandknees.com and www.acjointseparation.com (the "Sites"), through which he offers information about himself and his practice, and generally promotes his business.

6. In or about June 2015, Defendant contacted Plaintiff and inquired whether Plaintiff could provide two- or three-dimensional illustrations demonstrating the mechanism of acromioclavicular (AC) joint separation (shoulder separation) for use in certain lectures and seminars. Plaintiff generated certain proposals and Defendant provided his comments and requests for changes.

7. In or about July 2015, Plaintiff and Defendant entered into a written contract that identified the proposed use of the medical illustrations for a lecture that Defendant was scheduled to present at an orthopedic conference scheduled for September 2015.

8. Defendant informed Plaintiff that his conference attendance plans had changed,

but that he still wished to use the medical illustrations for future lectures. Accordingly, in or about September 2015, Plaintiff and Defendant entered into an updated contract dated September 2, 2015 (the "Contract") that described the permitted use of the medical illustrations as "Lectures presented by Defendant."

9. After the parties signed the Contract, Plaintiff sent five medical illustrations to Defendant (the "Illustrations") pursuant to the Contract. The Illustrations contained Plaintiff's copyright notices and watermarking indicating that the scope of the license was limited to electronic display and/or printed materials used by Defendant during his lectures.

10. The Contract between Plaintiff and Defendant expressly provided that the license for the Illustrations was limited to digital slide and/or dissolve animation for presentation; that the Illustrations would not be used for other purposes or on the Internet except pursuant to a separate agreement between Defendant and Plaintiff; that the Illustrations would not to be distributed to any other individual or party except as permitted for the lectures; that Plaintiff's copyright notice and watermarking or protective imagery must be included on the images used by Defendant; and that Plaintiff retains the copyrights on the Illustrations.

11. Plaintiff insisted on these contractual protections because Plaintiff does not generally license illustrations for use on the Internet without appropriate copyright notice and watermarking due to the potential loss of control over such illustrations. Plaintiff expressly voiced these concerns to Defendant, and stated that any proposed use on web sites would require an additional fee and would be subject to a formal contract governing such use. Defendant did not request permission to display the Illustrations on the Internet, and no supplemental contract covering that use was negotiated or executed.

12. In or about November 2015, Plaintiff registered the Illustrations by filing an application for registration with the United States Copyright Office.

13. On information and belief, beginning in or about 2015, Defendant removed Plaintiff's copyright notices and watermarking from the Illustrations and used and displayed Plaintiff's copyrighted Illustrations in connection with the promotion of Defendant's medical practice on the Defendant's Sites and YouTube, including on http://www.acjointseparation.com/ac-joint-separation-treatment.html; http://www.acjointseparation.com/anatomy.html; http://www.acjointseparation.com/grade-3-ac-separation.html; http://www.acjointseparation.com/grade-5-ac-separation.html; and https://www.youtube.com/watch?v=ufy6PfFoLgI&feature=youtu.be&a. In addition, on information and belief, Defendant displayed the Illustrations on Twitter and Facebook.

14. Defendant has deliberately and willfully copied the Plaintiff's Illustrations with full knowledge that Plaintiff owns the copyrights on the Illustrations, confirmed that Defendant was not allowed to display the Illustrations without Plaintiff's copyright notice and watermarking, and that the scope of Plaintiff's license excluded the Internet.

15. On March 8, 2016, counsel for Plaintiff sent Defendant a letter dated March 8, 2016 demanding, among other things, that Defendant cease and desist from all acts of infringement of Plaintiff's copyrights. Nevertheless, as of April 7, 2016, Plaintiff's Illustrations continue to appear on Defendant's Sites, including www.acjointseparation.com in menu items "Grade 3" and "Grade 5" under the "Grading" navigation bar.

As and For a First Cause of Action

16. This cause of action arises under the Copyright Laws of the United States, and in

particular 17 U.S.C. §501 et seq.

17. Plaintiff's Illustrations are wholly original creations and are copyrightable subject matter under the laws of the United States. Plaintiff is and has always been the proprietor of all right, title and interest in and to the copyrights. Plaintiff has applied for registration of its copyrights for the Illustrations in the United States Copyright Office, but has not as of the date of this complaint received the certificates from the Copyright Office.

18. Defendant has used and displayed Plaintiff's copyrighted Illustrations without permission and in violation of law.

19. Defendant's use of Plaintiff's copyrighted Illustrations constitutes knowing, willful and deliberate copyright infringement in violation of the exclusive rights of Plaintiff including Plaintiff's exclusive right to reproduce the copyrighted work, to prepare derivative works based on its copyrighted works, to distribute copies of its copyrighted works to the public, and to display its copyrighted works publicly.

20. Plaintiff is entitled to recover the actual damages suffered as a result of Defendants' copyright infringement, together with any profits of the defendant attributable to such infringements, and any other damages to which Plaintiff is entitled, in an amount in excess of $500,000, together with its attorneys' fees and costs incurred in connection with the prosecution of this action.

21. In the alternative, Plaintiff is entitled to an award of statutory damages and an award of its attorneys' fees and costs incurred in connection with its prosecution of this action.

## As and For a Second Cause of Action

22. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through

21 above, as if fully set forth herein.

23. Plaintiff has no adequate remedy at law.

As and For a Third Cause of Action

24. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 19 above, as if fully set forth herein.

25. Plaintiff has performed all of its obligations under the parties' Contract.

26. Defendant has breached the Contract between Plaintiff and Defendant by, among other things, using the Illustrations in a manner that is outside of the scope of any rights granted to Defendant under the Contract.

27. By reason of the foregoing, Plaintiff has been damaged in an amount in excess of $100,000.

WHEREFORE, plaintiff Medivisuals, Inc. demands judgment against defendant Steven Struhl as follows:

A. On its first cause of action, in the amount of the actual damages suffered by plaintiff as a result of defendant's copyright infringement, together with any profits of the defendant attributable to such infringement, and any other damages to which plaintiff is entitled, in an amount in excess of $500,000, with interest thereon, plus its costs and legal expenses, including attorneys' fees and accountants' fees, incurred in connection with the matters set forth herein; or, in the alternative statutory damages in the amount of $150,000.00 per infringed image; and

B. For an order

(1) restraining defendants from infringing on or using in any manner plaintiff's

copyrighted Illustrations;

(2) requiring defendant to recall all materials in its control which infringe on plaintiff's copyrights; and

(3) requiring defendant to destroy all materials in its possession, custody or control which infringe on plaintiff's copyrights;

C. For an award of damages in an amount in excess of $100,000 for the acts set forth in plaintiff's third cause of action; and

D. For such other and further relief as this Court deems just and proper.

Dated: April 7, 2016

ARTHUR R. LEHMAN, L.L.C.

By _____
Arthur R. Lehman (AL-8819)
545 Fifth Avenue, Suite 640
New York, New York 10017
Telephone: (212) 697-2715
Facsimile: (646) 390-6497
Email: arthur@lehmanlawyer.com

*Attorneys for Plaintiff*